IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GREGORY JEROME HORNE, *

    Petitioner, *

       v. *       CIVIL NO.:    WDQ-12-1497
          *       CRIMINAL NO.: WDQ-10-0254

UNITED STATES OF AMERICA, *

    Respondent. *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

Gregory Jerome Horne pled guilty to Hobbs Act conspiracy and was sentenced to 180 months imprisonment. Pending is his *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I.    Background[1]

In July 2009, Horne, Robert Crowder, Randy Hughes, Tavon Shuler, Abayomi McKenzie, and Keith Johnson agreed to rob Baltimore-area liquor stores. ECF No. 55 at 4. "The objective of the conspiracy was to enter the liquor store, brandish a firearm at any owners, employees or customers who were present and to take the cash proceeds of the business, as well as cell

---

[1] The facts, other than those concerning the shoeprint, are from Horne's plea agreement. The shoeprint evidence was submitted by the government.

phones from customers and liquor from the inventory of the stores." *Id.*

Between July 4 and July 30, 2009, members of the conspiracy robbed 16 liquor stores. *Id.* at 4-5. Horne participated in robbing at least two of the businesses, including The Store Wine and Spirits on July 15, 2009,[2] brandishing a firearm in both robberies. *Id.* at 5-6. A shoeprint was recovered from The Store Wine and Spirits. *See* ECF Nos. 55 at 5, 70-4. On October 28, 2009, Horne was arrested and several pairs of shoes were recovered, one of which matched the shoeprint. *See* ECF Nos. 70-4, 70-5.

On May 13, 2010, a grand jury charged Horne with twenty counts of Hobbs Act robbery, Hobbs Act conspiracy, brandishing a firearm in furtherance of a crime of violence, and conspiracy to possess a firearm in furtherance of a crime of violence. ECF No. 1. On May 25, 2011, Horne, represented by Richard B. Bardos, Esquire, pled guilty to a single count of Hobbs Act conspiracy with a stipulated sentence of 180 months under Fed. R. Crim. P. 11(c)(1)(C). ECF No. 54. At his rearraignment, Horne stated under oath that he was satisfied with Bardos, who did not do anything that Horne had told him not to or refused to

---

[2] Horne stipulated that "The robbery was videotaped by security cameras. The evidence, including the statements by cooperating members of the conspiracy[,] shows that [Horne] brandished a firearm during this robbery." ECF No. 55 at 6.

do anything that Horne had asked him to do.  ECF No. 70-1 at 5:25-6:7.  He also swore that the government's statement of facts was true.  ECF No. 70-1 at 15:16-20.  The Court accepted the plea and sentenced Horne to 180 months imprisonment at the same proceeding.  See ECF No. 57.  Horne did not appeal.

On May 14, 2012,[3] Horne filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[4]  ECF No. 66.  On August 29, 2012, the government opposed the motion.  ECF No. 70.  Horne did not reply.

II. Analysis

Horne asserts that Bardos provided ineffective assistance by (1) failing to disclose Hughes's phone records, (2) failing to disclose Shuler's interviews, and (3) misleading Horne into believing that "fabricated" footprints would "guarantee" his conviction.[5]  ECF No. 66.

A.   Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To prove ineffective assistance, Horne must show: (1) counsel's

---

[3] This is the date Horne deposited the motion into the prison mailbox.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

[4] Horne did not sign the motion.  See ECF No. 66 at 12.

[5] In his motion, Horne notes that his "ineffective Counsel failed to file notice of appeal or prepare appeal brief," but does not assert that as a ground for his motion.  Accordingly, the Court will not address this issue.

performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Horne must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688.

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When a defendant pled guilty, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (reiterating *Hill* standard).

B.  Failures to Disclose

Horne asserts that he informed Bardos of the existence of Hughes's telephone records and audio and video recordings of Shuler's interviews that would prove his innocence.[6] ECF No. 66 at 4-5. He contends that he would have proceeded to trial if Bardos had made the evidence available for his defense as

---

[6] Neither the Court record nor Horne's motion contains any description of this evidence.

requested.[7] *Id.* The government contends that Horne's sworn statements at his plea colloquy contradict these assertions. ECF No. 70 at 7.

Although Horne does not state when he asked Bardos to disclose this evidence, it must have been before he pled guilty. Horne pled guilty and was sentenced on the same day, leaving no time for him to ask Bardos to "disclose" the information so he could go to trial. *See* ECF Nos. 54-57. When he pled guilty, Horne stated under oath that Bardos had not refused to do anything that Horne had asked him to do. ECF No. 70-1 at 6:3-5.

"[A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity.'" *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made

---

[7] The government--apparently relying on the principle that a *pro se* party's filings are to be liberally construed--charitably interprets Horne's claims as alleging that Bardos refused to obtain this evidence. ECF No. 70 at 6. It also notes that the discovery agreement expressly precluded Bardos from providing discovery material to Horne. *Id.* at 6 n.4. Horne's theory is not clear, but he may be asserting that Bardos should have disclosed the evidence to him personally: he claims that Bardos failed to disclose Hughes's phone records "to petitioner," but he failed to disclose Shuler's interviews "for petitioner." *Compare* ECF No. 66 at 4, *with id.* at 5. Regardless, the analyses for both interpretations are the same.

during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).

Horne's allegations are directly contradicted by his sworn statements at his rearraignment. *Compare* ECF No. 66 at 4-5, *with* ECF No. 70-1 at 6:3-5. He has not alleged any extraordinary circumstance to justify these contradictions. Accordingly, Horne has not shown that Bardos was ineffective, and these claims will be denied. *See Lemaster*, 403 F.3d at 222.

C. Fabricated Evidence

Horne's final claim is that Bardos "mislead [him] into believing that fabricated evidence [of a footprint] would assure his conviction." ECF No. 66 at 6. The government asserts that the shoeprint was authentic. ECF No. 70 at 11.

Although Horne has not described the footprint--or any indication how it was fabricated--the government has indicated that a shoeprint was recovered from The Store Wine and Spirits. ECF No. 70 at 11; *see* ECF Nos. 70-4, 70-5. The shoeprint matched shoes recovered from the apartment where Horne was arrested. *See* ECF No. 70-4.

Horne has not stated how or by whom the shoeprint was fabricated. *See* ECF No. 66 at 6-7. His conclusionary assertion does not support his allegation that Bardos's representation was

deficient. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Horne also has not explained why he would have gone to trial if he could have challenged the authenticity of the footprint, when he was charged with 20 counts of Hobbs Act and firearms violations for numerous liquor store robberies, at only two of which he was alleged to have been present. *See* ECF No. 1. Further, Horne stipulated that the government would prove beyond a reasonable doubt that he participated in the robbery of The Store Wine and Spirits. ECF No. 55 at 6. The stipulation relied on security camera footage and cooperating conspirators' statements, without reference to the shoeprint.[8] *See id.* Horne has not shown a reasonable probability that he would have gone to trial if Bardos had informed him that the shoeprint was "fabricated." *See Hill*, 474 U.S. at 59. Horne's motion will be denied.[9]

---

[8] The stipulation also concerned Horne's brandishing a firearm, which the shoeprint would not have ameliorated. *See* ECF No. 55 at 6.

[9] In addition to failing on the merits, Horne's motion is not signed under penalty of perjury as required. *See* 28 U.S.C. § 2242; Rule 2(b)(5) of the *Rules Governing § 2255 Proceedings*; ECF No. 66 at 12.

D.   Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Horne has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

Case 1:12-cv-01497-WDQ   Document 2   Filed 04/15/13   Page 9 of 9

III. Conclusion

For the reasons stated above, Horne's motion to vacate, set aside or correct sentence, will be denied.

_____4/15/13_____    _____/s/_____
Date                     William D. Quarles, Jr.
                         United States District Judge

9